UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OMAN GUTIERREZ,

      Plaintiff,

  -v-                                          15-CV-0822-A

S. REDDIEN, DALE A. ARTUS,                **ORDER**
P. KUGLER, S. ECKERT and
SGT. MITCHELL,

      Defendants.
_____

      Oman Gutierrez, a prisoner confined at Great Meadow Correctional Facility, filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1). Plaintiff Gutierrez has both requested permission to proceed *in forma pauperis* and filed a signed authorization (Docket No. 2). The Plaintiff alleges that he was assaulted by corrections officers when he asked to speak to a supervisor, as more specifically detailed in his Complaint. For the reasons discussed below, Plaintiff's request to proceed as a poor person is granted, some of his claims may go forward, but some of his claims will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A unless Plaintiff files an Amended Complaint as directed below.

**DISCUSSION**

      Because Plaintiff Gutierrez has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, Plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this Complaint. In evaluating the Complaint, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir.

2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure.  *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).  "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly* - "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").  Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d 636, 639 (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

    Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).  Based on its evaluation of the Complaint, the Court finds that some of Plaintiff's claims may go forward, but others are subject to

dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

**Assault and Retaliation**

Plaintiff Gutierrez alleges that he was assaulted by Defendants Reddien and Kugler when he requested to speak to a supervisor, and that Defendant Mitchell was supervising and present when the attack took place.  Specifically, Plaintiff alleges that he was tripped by Defendant Reddien, slammed face down and that Defendant Kugler assisted by stepping on Plaintiff's feet and applying excessive weight.  Plaintiff alleges that his injuries caused pain for weeks after the event.  Plaintiff has thus alleged that Defendants Reddien, Kugler and Mitchell either personally took part in the attack on him or were present and directed or assisted in the attack.  Presuming that all allegations are true, as we must, Plaintiff has adequately pled excessive use of force against Defendants Reddien, Kugler and Mitchell.

Plaintiff further alleges that the assault was in retaliation for concerns he had expressed about his access to religious services and for past grievances filed against Defendants.  To make out a § 1983 retaliation claim, an inmate must show: (1) that he was engaged in constitutionally protected conduct; and (2) that the prison official's conduct was taken in retaliation for the inmate's protected conduct.  *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996).  The Second Circuit "has held that retaliation against a prisoner for pursuing a grievance violates the right to petition government for the redress of grievances guaranteed by the First and Fourteenth Amendments and is actionable under § 1983."  *Id.* at 79 (citing *Franco v. Kelly*, 854 F.2d 584 (2d Cir. 1988) (prisoner alleged that false disciplinary charges were issued in retaliation for his

3

cooperation with an investigation into inmate abuse)). "[I]ntentional obstruction of a prisoner's right to seek redress of grievances 'is precisely the sort of oppression that ... section 1983 [is] intended to remedy.'" *Id.* at 589 (alterations in original) (quoting *Morello v. James*, 810 F.2d 344, 347 (2d Cir. 1987)). "The right to petition government for redress of grievances — in both judicial and administrative forums — is 'among the most precious of the liberties safeguarded by the Bill of Rights.'" *Graham*, *id.*

Here, Plaintiff has specifically alleged that the assault was due to his prior complaints, and occurred in the immediate aftermath of his request to speak to a supervisor. He has further alleged that Defendant Reddien had complained in the past about Plaintiff seeking redress of grievances, calling Plaintiff a rat and a snitch. If true, these allegations establish that the complained of actions were retaliation in response to and a result of constitutionally protected conduct. Plaintiff has therefore adequately pled a claim of retaliation against Defendants Reddien, Kugler and Mitchell.

Plaintiff also names Defendants Artus and Eckert as supervisory personnel. In order to establish a defendant's individual liability in a suit brought under § 1983, a Plaintiff must show the defendant's personal involvement in the alleged constitutional deprivation. *See, e.g., Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir.1997); Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir.1995); Williams v. Smith, 781 F.2d 319, 323 (2d Cir.1986).* The Second Circuit has held that:

> [t]he personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) *the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong,* (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) *the defendant exhibited deliberate*

4

> *indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.*

*Colon,* 58 F.3d at 873 (emphases added); see *Williams, 781 F.2d at 323–24*.

Plaintiff's Complaint states that he informed Defendants Artus and Eckert of the assault after the fact, and that the Defendants advised Plaintiff to await the result of the official processes. "After the fact notice of a violation of an inmate's rights is insufficient to establish a supervisor's liability for the violation. Receiving post hoc notice does not constitute personal involvement in the unconstitutional activity and cannot be said to have proximately caused the damage suffered by the inmate." *Rahman v Fisher*, 607 F. Supp 2d 580, 585 (SDNY 2009). Plaintiff's claims against Defendants Artus and Eckert are thus subject to dismissal. However, Plaintiff will be offered an opportunity to file an Amended Complaint in which the necessary allegations regarding this issue are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a)(2) ("court should freely give leave when justice so requires"). Plaintiff may amend his Complaint to set forth allegations which would establish the personal involvement of each Defendant in his assault and retaliation claims.

## Official-Capacity Claims

Plaintiff Gutierriez has made claims against each Defendant in both their individual and their official capacities. The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100, (1984). It is well-settled that

states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66-67 (1989).  The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Plaintiff may therefore sue the Defendants in their official capacity only if they consent to be sued. *Pennhurst*, 465 U.S. 89 at 199-201.  Since none have consented, the Eleventh Amendment bars the Plaintiff's suit against the Defendants in their official capacity, to the extent that such claims have been made.  Those claims are therefore dismissed with prejudice.

## CONCLUSION

Because the Plaintiff, Oman Gutierrez, has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted.  For the reasons set forth above, Plaintiff Gutierrez's official capacity claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Further, some of Plaintiff's remaining claims must be dismissed unless he files an Amended Complaint by **September 16, 2016** in which he includes necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp*, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, Plaintiff's Amended Complaint must include all of the allegations against each of the Defendants against whom the case is going forward so that the Amended

6

Complaint may stand alone as the sole Complaint in this action which the Defendants must answer. If Plaintiff fails to file an Amended Complaint as directed, the claims against Defendants Artus and Eckert will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Service of the remaining claims on Defendants Reddien, Kugler and Mitchell shall be effected as directed below.

### ORDER

IT HEREBY IS ORDERED, that Plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that Plaintiffs claims against Defendants S. Reddien, Dale A. Artus, P. Kugler, S. Eckert and Sgt. Mitchell, in their official capacities, are dismissed with prejudice;

FURTHER, that Plaintiff is granted leave to file an Amended Complaint against Defendants Artus and Eckert only as directed above by **September 16, 2016;**

FURTHER, that the Clerk of Court is directed to send to Plaintiff with this Order a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event Plaintiff fails to file an Amended Complaint as directed above by **September 16, 2016,** the claims regarding Defendants Artus and Eckert are dismissed with prejudice without further order of the Court, and those Defendants are terminated from this action;

FURTHER, in the event Plaintiff does not file an Amended Complaint as directed above, the Clerk of the Court is directed to file Plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint (Docket No. 1), and this Order upon Defendants Reddien, Kugler and Mitchell without Plaintiff's payment

therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor. Pursuant to 42 U.S.C. § 1997e(g)(2), the served Defendants are directed to answer the Complaint.

**SO ORDERED.**

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA

DATED:   August 11, 2016
         Buffalo, NY